IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD BACA, CARL BASS,
MARK BULLOCK, TERRY COLWELL,
LAWRENCE COX, HENRY CROCKER,
DARRYL GAINES, TERRY GALLAGHER,
JAMES GRASSIE, GARY GRAVES,
WILL HOGGARD, CARL PADILLA,
NOAH RICO, BRITT SNYDER,
MICHAEL WOOD, KEN ARTHER,
SCOTT CLARK, LUDINE DAVIS, DAN
HARRISON, MICHAEL HERRINGTON,
ANTHONY MOORE, JEANNIE TRUJILLO,
MICHAEL TURNER, JOSE ZEPEDA, and
SHAY SMITH,

        Plaintiffs,

v.                                                  CIV. No. 97-207 JP/LFG

COUNTY OF CHAVES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The subjects of this Memorandum Opinion and Order are (1) Defendant's Motion for Summary Judgment on Count II (Doc. No. 43), filed March 18, 1998; (2) Defendant's Motion to Strike Plaintiffs' Expert or for Costs (Doc. No. 52), filed April 17, 1998; (3) Defendant's Motion to Dismiss based on failure to exhaust administrative remedies (Doc. No. 57), filed April 22, 1998; (4) Defendant's Motion for Summary Judgment on Counts I and III (Doc. No. 62), filed April 24, 1998; and (5) Defendant's Motion for Summary Judgment on the issue of willfulness (Doc. No. 69) filed May 13, 1998;.  A hearing on this motion was held on May 21, 1998 in

Roswell, New Mexico. Robert Beauvais appeared for the Plaintiffs, and Daniel Ulibarri appeared for the Defendant.

At the hearing I granted Defendant's Motion for Summary Judgment on Count II, breach of implied contract, because I found that there is no genuine issue of material fact on the issue of whether any action by the Defendant created an implied contract between the parties.

I denied Defendant's Motion to Strike Plaintiffs' Expert. Defendant can bring out any deficiencies in the bases for the witness' conclusions during cross-examination.

I denied Defendant's Motion to Dismissed based on failure to exhaust administrative remedies because it is clear from the language of the Fair Labor Standards Act ("FLSA") and from Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 740, 101 S.Ct. 1437, 1444 (1981) that plaintiffs need not exhaust administrative remedies before enforcing their rights under the FLSA in court. I also found that Plaintiffs have a valid argument that any attempt to enforce their rights under the FLSA through the administrative grievance procedure would have been futile.

I granted Defendant's Motion for Summary Judgment on Counts I and III with respect to Plaintiffs' claim that they were not compensated for time spent maintaining official vehicles and "qualifying" at the shooting range. However, I deferred ruling on the portion of the motion that deals with on-call time until Plaintiffs' cross-motion for summary judgment on Counts I and III is fully briefed and filed with the court.

Finally, I denied Defendant's Motion for Summary Judgment on the issue of willfulness because I found that there is conflicting evidence creating a genuine issue of material fact.

Therefore, it is ORDERED that:

(1) Defendant's Motion for Summary Judgment on Count II (Doc. No. 43) is GRANTED;

(2) Defendant's Motion to Strike Plaintiffs' Expert or for Costs (Doc. No. 52) is DENIED;

(3) Defendant's Motion to Dismiss based on failure to exhaust administrative remedies (Doc. No. 57) is DENIED;

(4) Defendant's Motion for Summary Judgment on Counts I & III (Doc. No. 62) is GRANTED IN PART as explained above; and

(5) Defendant's Motion for Summary Judgment on the issue of willfulness (Doc. No. 69) is DENIED.

_____
UNITED STATES DISTRICT JUDGE